O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANA SANCHEZ, | ) | CASE NO. ED CV 10-05332 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff claims that the Administrative Law Judge made three errors that require reversal or remand of the decision that she was not entitled to disability benefits. The Court disagrees, and therefore affirms the Commissioner's decision.

Plaintiff first asserts that the Administrative Law Judge wrongly ignored an opinion of Dr. Yang, a consulting psychiatrist. Dr. Yang performed a comprehensive psychiatric examination, and generally found Plaintiff reasonably fit, from a psychiatric perspective. Buried within his functional assessment is the statement that "the claimant's ability to understand, remember and perform instructions is unimpaired for simple tasks and mildly impaired for complex tasks." [AR 288] The Administrative Law Judge used slightly different wording, stating that Plaintiff "can only perform simple to moderately complex work." [AR 16] The Court agrees that there is not a great deal of difference in the way that the Administrative

Law Judge phrased Plaintiff's limitations and that, if any difference exists, it favors Plaintiff. If there is any real distinction here, and the Court doubts that there is, Plaintiff is restricted to less complex work than Dr. Yang theoretically might have preferred. The Court sees no error here.

Plaintiff's second argument is that the Administrative Law Judge did not fully address comments from Plaintiff's sister that were made in response to a questionnaire. In that questionnaire, while the sister generally portrayed a person who was quite able to function on her own, she mentioned that Plaintiff has difficulty standing or walking for a long time, does not handle stress very well, and does not handle change well. [AR 136-37] Plaintiff claims that the fact that the Administrative Law Judge did not discuss these comments was error that cannot be dismissed as harmless.

Generally, lay testimony cannot be disregarded, *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. January 2, 2001), although it is less clear that this principle applies to unsworn statements in response to a questionnaire. Assuming that it does, however, the Court does not find the lack of discussion of these specific statements to have affected the Commissioner's decision. The Administrative Law Judge placed limitations on Plaintiff's standing and walking. None of the jobs she previously performed, and which the Administrative Law Judge found she still could perform, involved levels of stress that were inconsistent with the statement that Plaintiff did not respond to stress or change well. Thus, the Court has no trouble in concluding that the fact that the Administrative Law Judge did not discuss these statements did not affect the outcome. *See Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Plaintiff's last argument is that the hypothetical question posed to the vocational expert was deficient, and therefore the reliance on the expert's testimony cannot be sustained. The Administrative Law Judge found a residual functional capacity to lift ten pounds occasionally and less than ten pounds frequently [AR 16];

1 the transcript reflects that he questioned the vocational expert about an ability to lift
2 ten pounds occasionally *and* ten pounds frequently.  This of course makes no sense,
3 and the Court considers it likely that either the transcript is incorrect or that the
4 Administrative Law Judge misspoke.  The jobs that Plaintiff had performed in the
5 past, and which the Administrative Law Judge found she still could perform, were
6 sedentary jobs, and sedentary jobs require only that a claimant be able to lift ten
7 pounds occasionally.  20 CFR § 1567(a).  A vocational expert is not required at Step
8 four of the sequential evaluation process.  *Lewis v. Barnhart*, 353 F.3d 642, 648 (8th
9 Cir. 2003).  Thus, the point for which the vocational expert's testimony *was* needed
10 — the classification of the previously-performed work — was all that the
11 Administrative Law Judge had to use.  The fact that he either misspoke in stating the
12 question, or that the transcriber mis-transcribed the question, is of no moment.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: May 27, 2011

```
                           /s/ Ralph Zarefsky
                        _____
                              RALPH ZAREFSKY
                        UNITED STATES MAGISTRATE JUDGE
```